**EMERADO PUBLIC SCHOOL DISTRICT # 127, Plaintiff,**

v.

**Mark SANFORD, individually and as Superintendent, Grand Forks Public School District # 1; Grand Forks Public School District # 1; Kathryn Haltli, individually and as Grand Forks County Superintendent of Schools; Wayne G. Sanstead, individually and as Superintendent, Department of Public Instruction; Robert Hansen, individually and as North Dakota State Treasurer; and Richard Rayl, individually and as Director, North Dakota Office of Management and Budget, Defendants.**

Civ. No. A2–90–84.

United States District Court,
D. North Dakota,
Northeastern Division.

Oct. 30, 1990.

Morley & Morley, Ltd., Patrick R. Morley, Grand Forks, N.D., Donald Hager, Larimore, N.D., for plaintiff.

Fleck Law Firm, William A. Strutz & Robert Udland, Bismarck, N.D., for Mark Sanford, indiv. and as Superintendent, GFPSD # 1; and Grand Forks Public School Dist. # 1.

Nicholas J. Spaeth, N.D. Atty. Gen., Patricia M. Moen, Bismarck, N.D., for Wayne G. Sanstead, Robert Hanson and Richard Rayl.

Pearce & Durick, Gary R. Thune, Fargo, N.D., for Kathryn Haltli.

## MEMORANDUM AND ORDER

BENSON, Senior District Judge.

Emerado Public School District No. 127 (Emerado) filed an action against Mark Sanford, Grand Forks Public School District No. 1 (Grand Forks), Kathryn Haltli and three other defendants[1] on May 23, 1990. Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction.[2]

■ The burden of establishing jurisdiction is on the plaintiff. *Schmidt v. United States*, 901 F.2d 680, 683 (8th Cir.1990); *Butts Feed Lots, Inc. v. United States*, 690 F.2d 669, 670 (8th Cir.1982). Plaintiff's complaint alleges this court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action "arises under the provisions contained within Title One of Public Law, 81–874." *See* 20 U.S.C. §§ 236–244 (providing federal assistance for local educational agencies in areas affected by federal activity). Plaintiff's complaint alleges that the defendants fraudulently or negligently acted to deprive plaintiff of state tuition apportionment funds and federal impact aid funds.

Specifically, plaintiff alleges defendants Sanford and Grand Forks fraudulently or negligently completed inaccurate census reports; fraudulently or negligently solicited and accepted state and federal aid pay-

ments; and fraudulently or negligently educated children whom plaintiff was allegedly entitled to educate pursuant to state law.

Plaintiff alleges defendant Kathryn Haltli knew Grand Forks submitted inaccurate census reports, but refused to correct or amend the reports. Plaintiff also alleges Haltli knew of Grand Forks' alleged unlawful solicitation and acceptance of state and federal aid payments. Plaintiff alleges that Haltli's refusal to correct or amend the census reports constituted concerted action to fraudulently or negligently solicit and receive state and federal aid payments.

■ Article III of the United States Constitution gives the federal courts jurisdiction over actions "arising under" federal statutes. *See* U.S. Const. art. III, § 2. An action arises under federal law if either (1) federal law creates the cause of action or (2) the cause of action poses a substantial question of federal law. *See West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir.1987), *cert. denied*, 484 U.S. 850, 108 S.Ct. 151, 98 L.Ed.2d 107 (1987).

■ Federal law does not create a cause of action for plaintiff in this case. The federal impact aid statutes, 20 U.S.C. §§ 236–244 (Public Law 81–874), do not expressly provide a private cause of action. Furthermore, upon hearing and review, the court finds the federal impact aid statutes do not *impliedly* create a private cause of action. The following factors are relevant in determining whether a federal statute impliedly creates a cause of action:

1) Whether plaintiffs are members of a class for whose special benefit the statute was enacted;

2) Whether indicia of legislative intent reveal a congressional purpose to provide a private cause of action;

---

1. Plaintiff Emerado has consented to the dismissal of defendants Wayne G. Sanstead, Robert Hanson, and Richard Rayl in all capacities without prejudice. Plaintiff concedes that its suit against these parties is barred by the eleventh amendment to the United States Constitution.

2. The motion to dismiss was filed by Sanford and Grand Forks. Haltli joins the motion.

3) Whether a federal cause of action would further the underlying purposes of the legislative scheme; and

4) Whether the alleged cause of action is a subject traditionally relegated to state law.

See *California v. Sierra Club*, 451 U.S. 287, 293, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981); *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Plaintiff does not satisfy any of these criteria.

First, plaintiff is not a member of a class for whose special benefit the statute was enacted. The statute under which plaintiff claims entitlement to federal aid was designed to alleviate the burden placed on school districts which *educate* children of parents who reside or work on federal property. *See* 20 U.S.C. §§ 236(a)(2)–(3), 238. It is clear from the complaint that plaintiff did not educate children of parents who reside on the air base or other federal property maintained by the air base. Thus, plaintiff is not a school district for whose benefit the statute was enacted.

Second, no indicia of legislative intent reveal a congressional purpose to provide a private cause of action. It is significant that the statutory scheme provides local educational agencies which are adversely affected or aggrieved by actions of the Secretary of the Department of Education an opportunity for hearing and review. *See* 20 U.S.C. § 240(g). This administrative remedy is sufficient to effectuate the purposes of the legislative scheme and indicates Congress did not intend to create a private cause of action.

Third, a federal cause of action would not further the underlying purposes of the legislative scheme. The purpose of the statute is to provide relief for districts which educate children that reside on federal property. It is undisputed that Grand Forks educated the children at issue in this case. Grand Forks received the federal impact aid. The court finds that the statute's purpose was fully satisfied when the district which educated the children received the impact aid. The statute's purpose would not be furthered by providing a private cause of action for a school district which did not educate the children, but alleges it was entitled, pursuant to state law, to educate them.

Finally, because the alleged cause of action is a subject traditionally relegated to state law, it is obvious Congress did not intend to provide a private cause of action in this case. Plaintiff's complaint is replete with references to fraud and negligence. Plaintiff's asserted cause of action arises solely under the fraud and negligence theories of state tort law.

Federal courts may hear an action grounded in state law if the action poses a "substantial" question of federal law. *See West 14th St.*, 815 F.2d at 192. However, if Congress has not provided a private cause of action for violation of a federal statute, a claimed violation of the statute is not sufficiently "substantial" to confer federal question jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986). Because this court finds that Congress did not intend to provide a private cause of action for violation of the federal impact aid statutes, plaintiff's allegation that the statutes were violated does not pose a "substantial" question of federal law.

To summarize, the court concludes that plaintiff's action does not "arise under" federal law for the purpose of conferring subject matter jurisdiction. The asserted cause of action is not created by federal law nor does it pose a substantial question of federal law. The court holds that plaintiff's claims under the federal statutes are clearly insubstantial and frivolous. *See Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (dismissal for lack of jurisdiction is proper where the alleged claim under the federal statutes "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

At the hearing, plaintiff requested leave to amend the complaint to allege jurisdiction arising under 20 U.S.C. § 237. Public Law 81–874 is codified in part at 20 U.S.C.

§ 237. The purpose of section 237 is to provide aid to local educational agencies which have received less revenue from local sources because of the acquisition of real property by the United States. *See* 20 U.S.C. § 236(a)(1). In its consideration of the plaintiff's complaint, the court has considered the impact of section 237 and has concluded that it does not create a private right of action in this case.

■ Plaintiff also urges the court to assume jurisdiction over this action to the extent that it has alleged violations of due process. With respect to Sanford and Grand Forks, plaintiff has alleged:

> That all defendants named herein acted to deprive plaintiff of plaintiff's rightful federal and state aid and entitlement as described above and below for said children, without regard for and in violation of plaintiff's statutory rights and Due Process rights as specifically set out with regard to each defendant below, despite plaintiff's repeated protests and demands.

A bare allegation of a violation of due process is not sufficient to confer federal jurisdiction. *Warrington Sewer Co. v. Tracy*, 463 F.2d 771, 772 (3rd Cir.1972). Even if read liberally, plaintiff's complaint is no more than a bare allegation of constitutional deprivation. As such, the allegation is not sufficient to confer federal jurisdiction on its due process claim against these two defendants.

With respect to defendant Haltli, plaintiff alleges Haltli "refused, neglected and failed" to provide plaintiff its statutory right to appeal the allegedly inaccurate census reports. In the absence of jurisdiction over plaintiff's alleged claim arising under the provisions of Title One of Public Law 81–874, the court declines to rule on the issue of whether subject matter jurisdiction is present on plaintiff's alleged due process claim against Haltli arising out of alleged entitlement to state funds.

IT IS ORDERED:

1. Plaintiff's complaint against defendants Sanford, Grand Forks, and Haltli is dismissed for lack of subject matter jurisdiction;

2. Plaintiff's due process claim asserted against defendant Haltli is dismissed without prejudice;

3. On stipulation of the parties, in light of the eleventh amendment to the Constitution of the United States, plaintiff's complaint against defendants Wayne G. Sanstead, Robert Hansen and Richard Rayl is dismissed without prejudice; and

4. Plaintiff's request for leave to amend the complaint to allege jurisdiction pursuant to 20 U.S.C. § 237 is denied.