The Honorable Janice L. Hardenburger State Senator, Twenty-First District State Capitol, Room 136-N Topeka, Kansas 66612
The Honorable Kent Glasscock State Representative, Sixty-Second District State Capitol, Room 174-W Topeka, Kansas 66612
Dear Senator Hardenburger and Representative Glasscock:
As legislators for your respective districts, you request our opinion regarding the legality of the state's practice in considering Pub.L.81-874 (federal impact aid) funds as local effort under the school district finance and quality performance act, K.S.A. 72-6405 et seq.
Pursuant to K.S.A. 72-6416, the state board of education is to determine the entitlement of each school district to general state aid. The entitlement is based in part on the school district's local effort as determined by the state board. Subsection (b) further provides:
 "If the amount of the district's local effort is greater than the amount of state financial aid determined for the school district for the school year, the district shall not be entitled to general state aid. If the amount of the district's local effort is less than the amount of state financial aid determined for the school district for the school year, the state board shall subtract the amount of the district's local effort from the amount of state financial aid. The remainder is the amount of general state aid the district is entitled to receive for the current school year."
Local effort is defined in subsection (e) of K.S.A. 72-6410 as:
 "[T]he sum of an amount equal to the proceeds from the tax levied under authority of [K.S.A. 72-6431], and amendments thereto, and an amount equal to any unexpended and unencumbered balance remaining in the general fund of the district, except amounts received by the district and authorized to be expended for the purposes specified in [K.S.A. 72-6430], and an amount equal to any unexpended and unencumbered balances remaining in the program weighted funds of the district, except any amount in the vocational education fund of the district if the district is operating an area vocational school, and an amount equal to any remaining proceeds from taxes levied under authority of K.S.A. 72-7056 and 72-7072, and amendments thereto, prior to the repeal of such statutory sections by this act, and an amount equal to the amount credited to the general fund in the current school year from amounts distributed in such year to the district under the provisions of articles 17 and 34 of chapter 12 of Kansas Statutes Annotated and under the provisions of articles 42 and 51 of chapter 79 of Kansas Statutes Annotated, and an amount equal to the federal impact aid of a district." (Emphasis added.)
Federal impact aid is "an amount equal to the federally qualified percentage of the amount of moneys a district receives in the current school year under the provisions of title I of public law 874 and congressional appropriations therefor. . . ." K.S.A. 72-6410(f). Amounts received for assistance in cases of major disaster and amounts received under the low-rent housing program are excluded.
 "Federal `impacted area' legislation was enacted by Congress in 1950 as Public Law 874, codified as Title 20 U.S.C. § 236 et seq., for the purpose of bringing about a contribution of the United States of America toward the cost of educating children in public schools located within federally impacted areas which, by reason of such federal impact, were being deprived of normal tax sources available for the financing of public school systems and to assist the localities in providing adequate educational facilities as a result of the increased pupil load brought to the involved areas by such federal activity." Hergenreter v. Hayden, 295 F. Supp. 251, 252 (D.Kan. 1968).
 See also Shepheard v. Godwin, 280 F. Supp. 869 (E.D.Va. 1968);Emerado Public School District #127 v. Sanford, 750 F. Supp. 418,420 (D.N.D. 1990).
Following the court's decision in Shepheard, the United States District Court for the district of Kansas determined in Hergenreter that20 U.S.C. § 236 et seq. "was intended by Congress to supplement local funds, not substitute for them." Hergenreter, 295 F. Supp. at 255. Therefore, a requirement that 25 percent of the total amount of federal impact funds received by an eligible school district be deducted from the amount of state aid to the impacted district was prohibited by the federal legislation, and was unconstitutional under the supremacy clause of the United States constitution. Id.
In 1974, Congress added the following provision to the act:
 "[I]f a State has in effect a program of State aid for free public education for any fiscal year, which is designed to equalize expenditures for free public education among the local education agencies of that State, payments under this subchapter for any fiscal year may be taken into consideration by such State in determining the relative —
 "(i) financial resources available to local educational agencies in that State; and
 "(ii) financial need for such agencies for the provision of free public education for children served by such agency, provided that a State may consider as local resources funds received under this subchapter only in proportion to the share that local revenues covered under a State equalization program are of total local revenues." 20 U.S.C. § 240(d)(2)(A).
In Gwinn Area Community Schools v. State of Michigan, 741 F.2d 840 (6th Cir. 1984), the United States Court of Appeals for the sixth circuit determined that the 1974 amendment set forth at 20 U.S.C. § 240(d)(2)(A) essentially deprived the Shepheard decision of any force. Id. at 845. If a state aid program meets the guidelines of the United States secretary of education set forth in 34 C.F.R. secs. 222.60 to 222.69, the state may consider federal impact funds in determining the eligibility of a school district to receive state aid. Id. at 843. Failure to obtain federal approval of the state aid system precludes the state from considering federal impact funds in the determination of state aid payable to a school district. Helena Elementary School District v.State, 769 P.2d 684, 692 (Mont. 1989), amended on other grounds,784 P.2d 412 (Mont. 1990).
The intent of the Kansas legislature in enacting the school finance and quality performance act, K.S.A. 72-6405 et seq., was to establish a program for state aid for free public education which is designed to equalize expenditures for free public education among the unified school districts. A determination of whether the program does so is to be made by the United States secretary of education. Based upon information provided by the state board of education, the program is presently being reviewed by the secretary of education pursuant to 34 C.F.R. secs. 222.67
to 222.69. No court of the state has determined by final order, not under appeal, that the program for state aid fails to equalize expenditures for free public education among the unified school districts. See 34 C.F.R. § 222.61(b)(1)(iii). Therefore, if the secretary of education should determine that the program meets the qualifications set forth in 34 C.F.R. § 222.62, the Pub.L. 81-874 funds received by a unified school district may be considered by the state board in determining the amount of state aid to which the school district is entitled. Under the state program, Pub.L. 81-874 funds constitute a portion of the general fund of the unified school district. K.S.A. 72-6409. Any unexpended and unencumbered balance remaining in the general fund, as well as an amount equal to the federal impact aid of the school district, is considered to be a portion of the local effort. As part of the general fund of the school district, unexpended and unencumbered funds which may have been Pub.L. 81-874 funds in preceding years may be considered as a portion of the local effort.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm