**Joseph STEPKA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 61–C–15.**

United States District Court
E. D. New York.

June 29, 1961.

Herman R. Perper, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. of New York, Brooklyn, N. Y., for defendant. Jon Hammer, Brooklyn, N. Y., of counsel.

MISHLER, District Judge.

This is an action to recover an alleged overpayment of taxes in the sum of $17,689 for the years 1944 and 1945.

Defendant moves to dismiss the complaint pursuant to Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A.

The basis of the application by the defendant is found in Section 322(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322(b), which provides as follows:

"(b) *Limitation on allowance.*

"(1) *Period of limitation.* Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later."

Plaintiff concedes that claims for refund were filed after the periods fixed. In 1945 and before the statute tolled, plaintiff was adjudicated a mental incompetent and was confined to mental institutions to and including October 26, 1948. Claims were filed immediately upon his release.

Plaintiff argues that there is no distinction between a Statute of Limitations which generally limits the time for the commencement of actions and the limitation of time such as is a stated condi-

tion to a right of action as set forth in Section 322(b)(1).

■■ A Statute of Limitations is a matter of affirmative defense. Such a limitation of time provided for in Section 322(b)(1) is a condition of the right granted, and normally must be pleaded by the party exercising the right. The consent of the United States to be sued for a refund was upon the conditions set forth in Section 322 of the Internal Revenue Code of 1939. The consent cannot be availed of without complying with the specific terms and conditions upon which the consent was granted. United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598.

■ The limitation of time provided for is inflexible. Though rare exceptions have been found, as pointed out by the plaintiff, the exceptions do not encompass the inability to commence the action by reason of mental incompetency. In Williams v. United States, 1955, 4 Cir., 228 F.2d 129, 132, the Court, describing the nature of limitations of time such as is brought into focus here (referred to as "such statutes of limitations"), said:

> "Two exceptions to the rigid prevailing rule, that such statutes of limitations cannot be extended in any circumstances, have been carved out by our courts: In the prisoner of war situation, Osbourne v. United States, 2 Cir., 164 F.2d 767; and in the fraud situation Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253, 15 A.L.R.2d 491, certiorari denied 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343. We are unimpressed with the argument that insanity likewise should toll the Statute of Limitations and we expressly hold that it does not. See, to like effect, Kalil v. United States, D.C., 107 F.Supp. 966, and also Judge Bryan's reasoning, 133 F.Supp. [317] 318–319."

Motion granted. Settle order on two days notice.