**J. Frank ENGLAND and Elaine C. England, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 90–2020–V.**

United States District Court, D. Kansas.

March 14, 1991.

William M. Modrcin, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Overland Park, Kan., David E. Bass, Kansas City, Mo., for plaintiffs.

J. Joseph Raymond, U.S. Dept. of Justice, Office of Special Litigation, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is a suit for the refund of claimed overpayment of income tax for the year 1982. On November 15, 1990, we entered a Memorandum and Order (Doc. 18) in this case denying defendant's motion for summary judgment with respect to this claim. Defendant has filed a motion for reconsideration (Doc. 27) of that Memorandum and Order. For the reasons stated below defendant's motion for reconsideration is granted, defendant's motion for summary judgment is granted, and the case is dismissed.

A motion for reconsideration is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). An appropriate basis for reconsideration "would be a controlling or significant change in the law or facts since the submission of the issue to the court." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va.1983). Other appropriate circumstances for reconsideration include situations where the "[c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983).

In our previous order we found that on April 15, 1983, plaintiffs had filed an application for automatic extension of time (Form 4868) to file their 1982 income tax

return. Along with their application for extension of time, plaintiffs remitted $250,000 to the government. Plaintiffs did not file their 1982 income tax return until November 13, 1987, at which time they requested a refund for the overpayment of tax in the amount of $114,898. The United States denied plaintiffs' request for refund on the ground that it was untimely. The present action followed.

In our previous order we concluded that plaintiffs' request for refund was time-barred if the remittance submitted with their application for extension of time was a "payment of estimated tax." 26 U.S.C. § 6513(b); *Weigand v. United States*, 760 F.2d 1072, 1074 (10th Cir.1985). We also concluded that plaintiffs' request for refund would have been timely if the remittance was a "deposit" rather than a payment of estimated tax. *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1946). Finally, we concluded that a question of fact existed regarding the characterization of plaintiffs' remittance. On that ground we denied defendant's motion for summary judgment.

In its motion for reconsideration, defendant once again contends that remittances accompanying Form 4868 applications are, as a matter of law, the payment of estimated taxes. *See Batton v. United States*, 87–2 U.S.T.C. ¶ 9622, 1987 WL 43445 (D.Md.1987). Plaintiffs argue that remittances transmitted with Form 4868 applications are not, as a matter of law, payments of estimated taxes. Plaintiffs claim that the intent of the taxpayer controls the characterization of the remittance, and therefore in this case there is a question of fact for trial. *See Rosenman*. After further consideration, we are now persuaded that the characterization of plaintiffs' remittance is a question of law to be resolved by the court. Accordingly, in light of the above-summarized facts, issues, and positions of the parties, we shall reconsider defendant's motion for summary judgment.

A jurisdictional prerequisite to the maintenance of a suit or proceeding for the refund of any internal revenue tax is the filing of a claim for refund with the Internal Revenue Service (IRS). 26 U.S.C. § 7422(a). The filing of a return reflecting an overpayment of tax constitutes a claim for refund. 26 C.F.R. § 301.6402–3(b)(4) and (5). On November 13, 1987, plaintiffs filed their 1982 tax return showing an overpayment of tax in the amount of $114,898. Plaintiffs' claim for refund was thus filed as prescribed by 26 U.S.C. §§ 7422(a) and 6511(a).

Where a claim for refund is filed as prescribed by section 6511(a), the amount of the claim is limited to only those taxes paid within the three years (plus the period of any extension for filing the return) previous to the date the claim was filed. 26 U.S.C. § 6511(b)(2)(A). In this case, by filing Form 4868, plaintiffs were automatically granted a four month extension to file their 1982 income tax return. Therefore, pursuant to 26 U.S.C. § 6511(b)(2)(A), plaintiffs are barred from recovering any taxes paid more than three years and four months previous to November 13, 1987, the date on which they filed their claim for refund. In other words, plaintiffs may not recover a refund for taxes paid previous to July 13, 1984.

Under 26 U.S.C. § 6513(b)(2) "[a]ny amount paid as estimated tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return)." Applying the foregoing, if plaintiffs' remittance was the payment of estimated tax it would be deemed to have been a tax paid on April 15, 1983, plaintiffs' request for refund would be untimely, and dismissal of the case would be appropriate. Conversely, if plaintiffs' remittance was not the payment of estimated tax then dismissal would be inappropriate.

We conclude, as a matter of law, that remittances accompanying Form 4868 applications are payments of estimated tax. Under the tax code, "[t]he Secretary may grant a reasonable extension of time for filing any return, declaration, statement or other document required by this title or by regulation." 26 U.S.C. § 6081. Pursuant

188

to this provision, the IRS promulgated a regulation governing automatic extensions of time. The regulation applicable to 1982 tax returns provides for an automatic four month extension of time for filing a return "only if the requirements contained in subparagraphs (2), (3) and (4) of this paragraph are met." 26 C.F.R. § 1.6081–4(a)(1). Subparagraph (4) of the regulation provides:

Such application for extension must show the full amount properly estimated as tax for such taxpayer for such taxable year, and such application must be accompanied by the full remittance of the amount properly estimated as tax which is unpaid as of the date prescribed for the filing of the return.

In view of the unequivocal language of the regulation, the remittance accompanying plaintiffs' Form 4868 must be deemed to be the payment of estimated tax and is thus governed by 26 U.S.C. § 6513(b). *See Batton*, 87–2 U.S.T.C. ¶ 9622.

Additionally, we conclude that plaintiffs' reliance on *Rosenman* is misplaced. In *Rosenman*, the Supreme Court held that a taxpayer's remittance of money to the IRS for estate taxes, accompanied by a letter stating that the payment was "under protest and duress, and solely for the purpose of avoiding penalties and interest," was not the "payment of such tax" within the meaning of the applicable limitations period of the tax code unless the taxpayer intended to make such a payment or the IRS formally assessed the tax. The facts in *Rosenman* distinguish it from the present case. Moreover, the adoption of section 6513(b) has superseded *Rosenman*. *Ehle v. United States*, 720 F.2d 1096, 1097 (9th Cir.1983). In addition, plaintiffs' intent in the case now before the court can be conclusively presumed to be to pay estimated tax, by virtue of 26 C.F.R. § 1.6081–4. *Batton*, 87–2 U.S.T.C. ¶ 9622. Plaintiffs' later characterization of their remittance accompanying Form 4868 is irrelevant. Such remittances are, as a matter of law, payments of estimated taxes.

In this case, plaintiffs filed their claim for refund for the overpayment of 1982 tax on November 13, 1987. Plaintiffs' claim

for refund is limited to recovery of those taxes paid after July 13, 1984. 26 U.S.C. § 6511(b)(2)(A). Plaintiffs' 1982 tax is deemed to have been paid on April 15, 1983. 26 U.S.C. § 6513(b)(2). Consequently, plaintiffs' claim for refund of 1982 tax is barred by the statute of limitations.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for reconsideration (Doc. 27) is granted. Defendant's motion for summary judgment is granted, and the case is dismissed.

Copies of this memorandum and order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.