**Nicholas T. SCOTT, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. No. 92–00011 ACK.**

United States District Court,
D. Hawaii.

June 4, 1992.

---

Nicholas T. Scott, pro se.

Daniel Bent, Michael Chun, U.S. Attorney's Office, Honolulu, Hawaii, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

KAY, Chief Judge.

## I. INTRODUCTION

This case presents an issue of first impression in the Ninth Circuit. The major issue presented is whether the time limit restrictions for filing a tax refund claim are subject to the doctrine of equitable tolling. Based upon the following analysis of the relevant authorities, the Court holds that tax refund claims are subject to equitable tolling and that a plaintiff's mental incompetency operates to toll the limitations period for the time that the plaintiff was mentally incompetent.

## II. BACKGROUND

In 1984, Plaintiff Nicholas Scott's ("Plaintiff") father timely filed a tax return on Plaintiff's behalf for that year. Plaintiff claims that his father overpaid the amount of taxes due in 1984, which were paid in piecemeal installments in 1984 and 1985. Plaintiff seeks to have a portion of the alleged 1984 overpayment applied to his tax liabilities for the years 1985, 1986, and 1988. Plaintiff admits that he filed his returns for the 1984–1988 years on November 28, 1989. On January 8, 1992, after the IRS disallowed his refund claim for the $30,096.00 overpaid in the 1984 tax year, Plaintiff filed a complaint seeking to apply the amount of his overpaid taxes to his liabilities for the 1984, 1986, and 1988 tax years.[1]

Both of the parties agree that the statute of limitation for filing such a return has expired. *See,* Complaint at 2 ("Plaintiff contends that the time limitations contained in 26 U.S.C. Section 6511(a) are subject to

---

1. Whether Plaintiff in fact overpaid his taxes for 1984, and by how much, is not before the Court on the instant motion.

the doctrine of Equitable Tolling"); *see also,* Plaintiff's Response at 2 (arguing that the statute of limitations should be tolled). 26 U.S.C. § 6511(a) provides that a claim for credit or refund must be filed within three years of the time the return was filed or two years from the date the tax was paid.

In this case, Plaintiff made his last payment in 1985. Plaintiff filed his refund return on November 28, 1989, four years after the tax was paid. Under the statute, Plaintiff is precluded from pursuing his claim because he filed his refund more than two years after the 1984 taxes were paid and more than three years after the date of the 1984 return.

Defendant the United States America ("United States" or "the government") moves to dismiss on the grounds that this Court lacks subject matter jurisdiction to hear a refund claim filed after the statutory period under § 6511(a) has elapsed or for failure to state a claim upon which relief can be granted or in the alternative, for summary judgment. Plaintiff opposes, claiming that the doctrine of equitable tolling applies to vest this Court with jurisdiction. Plaintiff claims that as a result of severe and continuous alcoholism, he was mentally incompetent for the period of time 1984–1990 warranting application of the equitable tolling doctrine. Because the only issues presented by the instant motions are ones of law, and not of fact, the Court construes the government's motions as a single motion to dismiss.

The narrow issue presented by this case, then, is whether the time period for filing a claim for refund under § 6511(a) may be extended under the doctrine of equitable tolling. Since the doctrine does apply to such claims, the Court must also determine if mental incompetency may toll the statute of limitations. Because the parties have not raised or briefed the issue, the Court withholds ruling on the question of whether Defendant was in fact mentally incompetent for the relevant time period. Likewise, the Court also expresses no opinion as to whether, as a matter of law, alcoholism may give rise to mental incompetency.

## III. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

 Under Fed.R.Civ.P. 12, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *See, Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini,* 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri,* 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims. *Id.*

In his complaint and moving papers Plaintiff claims to have been mentally incompetent as a result of his severe alcoholism to such an extent that he could not manage his business or day-to-day affairs. Accordingly, the Court accepts as true, for the purposes of this motion only, Plaintiff's allegation that he was completely and continuously mentally incompetent for the relevant time period.

## B. THE MERITS

### 1. Tax Refund Claims are Subject to Equitable Tolling.

The government contends that statutes of limitations covering suits against the United States are prerequisites to federal court jurisdiction. *E.g., United States v. Mottaz*, 476 U.S. 834, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986) (statute of limitations defines extent of court's jurisdiction). While this contention is true as a general proposition, the Supreme Court has recognized exceptions to strict application of time-bar rules. In support of its motion to dismiss, the government cites numerous cases all of which pre-date the Supreme Court's recent decision in *Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The *Irwin* Court recognized that the statute of limitations may be equitably tolled even where the statute of limitations is a prerequisite to federal court jurisdiction, rendering the cases cited by the government inapplicable.

In *Irwin*, the plaintiff filed an untimely civil action under Title VII based on a claim that the Veterans Administration unlawfully discharged plaintiff because of his race and physical disability. The plaintiff, Irwin, failed to file suit within 30 days of receiving the EEOC's notice rejecting his claim. Irwin claimed that he failed to file because the EEOC letter was sent to his attorney's office while his attorney was on vacation. As a result of his late receipt of the letter, Irwin filed suit 44 days after the letter arrived at his attorney's office.

After finding that Irwin's complaint was untimely, the Court considered whether his error may be excused under equitable tolling principles. The Court viewed this case as an opportunity to adopt "a general rule to govern the applicability of equitable tolling in suits against the Government." *Irwin*, 111 S.Ct. at 457. The Court stated:

> Once Congress has made such a waiver [of sovereign immunity to allow suits by citizens against the government], we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver.

*Id.* The Court then held "that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.*

The Court went on to state that federal courts have used equitable tolling only "sparingly." *Id.* The Court then offered two non-exhaustive examples of where the Court has previously recognized equitable tolling: where the claimant has actively pursued his judicial remedies but has filed a defective pleading and where claimant has been induced or tricked by his adversary into allowing the filing deadline to pass. *Id.* at 457–8.

The Court held that Irwin's failure to timely file was a result of excusable neglect. *Id.* at 458 ("[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect.").

While *Irwin* involved an untimely Title VII claim, the reasoning in that decision applies with equal force to untimely tax claims. As in tax cases, the statute of limitations applicable to Title VII cases has been interpreted as a prerequisite to federal court jurisdiction. *See, Irwin* at 455. In *Irwin*, the Court held that such late-filed claims are not jurisdictionally barred when the doctrine of equitable tolling applies.

A recent District Court opinion from the Second Circuit has applied *Irwin* to facts similar to the instant case. In *Johnsen v. United States*, 758 F.Supp. 834 (E.D.N.Y. 1991), the Court held that under *Irwin*, the plaintiff's mental incompetency equitably tolled the statute of limitation on a tax refund claim.

In 1983, the Multzmans overpaid their taxes by approximately $25,000. They did not file a return as the result of mental incompetency.[2] After Plaintiff Johnsen was appointed as Mrs. Multzman's repre-

---

2. In the *Johnsen* case, the government stipulated, for purposes of the motion, that Mrs. Multzman, her husband, and her son were all mentally incompetent in 1983.

sentative, Johnsen filed a return on Mrs. Multzman's behalf and subsequently in 1989 filed an action for refund of the overpaid taxes. Although both the return and the complaint were untimely, the Court held that the statute of limitations was tolled for the period that Mrs. Multzman was mentally incompetent. *Johnsen*, 758 F.Supp. at 836 (so holding "under the authority of *Irwin*"). The Court noted that the legislative history of Section 6511 "is absolutely devoid of any indication that Congress intended to preclude such equitable tolling in tax refund actions." *Id.* at 835–6.

In this case, Plaintiff has alleged, and has offered supporting affidavits, that he was totally and continually mentally incompetent to manage his affairs during the time period 1984–1990. *See,* Complaint at 4–5; Plaintiff's Response Memorandum at 2; Affidavits attached as exhibits 9 and 11 to Plaintiffs Response Memorandum. While it may be unlikely that Plaintiff will ultimately prevail in convincing the Court that he was, in fact, mentally incompetent, on a motion to dismiss the Court must draw all reasonable inferences in his favor. In light of this standard, this case is quite similar to *Johnsen.* That is, Plaintiff alleges that he was mentally incompetent to file his returns and institute a lawsuit during the statutory period. Assuming for the purposes of this motion that Plaintiff was incompetent, the principles of equitable tolling should apply as under the *Johnsen* case.[3]

In support of its motion to dismiss, the United States relies heavily upon *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 *reh. denied*, 495 U.S. 941, 110 S.Ct. 2195, 109 L.Ed.2d 523 (1990). The government contends that *Dalm* stands for the proposition that equitable tolling does not apply to tax refund cases. However, *Dalm* did not discuss equitable tolling, but instead dealt with the entirely distinct tax doctrine of equitable recoupment.

In *Dalm*, Frances Dalm was appointed as the administratrix to the estate of her former employer, to whom she had been a loyal secretary for many years. The former employer's brother paid her over $300,000 in addition to the money she received from the estate. She declared the $300,000 as a gift for taxation purposes. The IRS later determined that the $300,000 should have been reported as income and assessed a deficiency against Dalm.

Dalm brought suit against the IRS in Tax Court for redetermination of the alleged deficiencies. After two days of trial, Dalm and the IRS settled the case for a specified sum labeled as "income tax." At trial Dalm did not claim to be entitled to a recoupment for the "gift tax" she had previously paid.

Immediately after entering the settlement, Dalm filed for a refund of the gift tax previously paid. After the IRS denied the claim, Dalm filed suit. By the time she filed her complaint, Dalm's suit had been barred by the statute of limitations, § 6511, for six years.

The Court framed the issue in *Dalm* as follows:

> The question presented is whether, the statute of limitations long since having run, the doctrine of equitable recoupment supports a separate suit for refund of the earlier paid gift tax after the taxpayer settled the Tax Court deficiency proceeding and agreed to pay income tax on the transaction.

*Dalm* 110 S.Ct. at 1363. As the Court explained, the doctrine of equitable recoupment operates to allow a taxpayer, in certain specified circumstances, to recoup or offset any previously overpaid taxes against his current taxes notwithstanding the fact that the statute of limitation for filing a refund on the previous taxes has run. *See id.* at 1366. Significantly, equitable recoupment may only be raised when there is an ongoing lawsuit for an income tax deficiency. *See id.* The Court stated that equitable recoupment "is in the nature of a *defense* arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Id.* at

---

3. *See also,* the discussion on mental incompetency, *infra.*

1366–7 (citation omitted; emphasis supplied).

In refusing to apply equitable recoupment to Dalm's claim the Court summarized the doctrine as follows: "a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction." *Id.* at 1368. The Court emphasized that Dalm was not raising equitable recoupment as a *defense,* but rather as an independent basis for jurisdiction. *Id.* ("[W]e have not allowed equitable recoupment to be the sole basis for jurisdiction.")

On the jurisdictional point, the Court stated that although time-bar restrictions should not be construed unduly restrictively, they should not be interpreted to extend the waiver of sovereign immunity beyond that which Congress intended. *Id.* The Court then stated that its previous holdings—that equitable recoupment could be raised as a defense—did not suspend the jurisdictional rules. To extend those holdings to allow equitable recoupment as an independent basis of jurisdiction, however, would impermissibly contravene Congress's intent.

The Court cited 26 U.S.C. §§ 1311–1314 as further evidence of Congress's intent not to extend equitable recoupment. Those sections permit a taxpayer who has been required to pay inconsistent taxes to seek a refund otherwise barred by the statute of limitations, i.e. § 6511(a). Sections 1311–1314 are exceptions to § 6511 in instances where a taxpayer has been *required* to pay *inconsistent* taxes. In this extremely limited area of the tax code, Congress has spoken and the Court reasoned that it should not override Congress's judgment to create an additional exception. *Id.* at 1369.

The *Dalm* case is distinguishable from *Irwin.* In *Dalm* the issue was very narrow: Whether the doctrine of equitable recoupment could serve as an independent basis for federal jurisdiction. Essential to the Court's analysis was the fact that Dalm could have, but did not, raise that claim in the previous Tax Court litigation. *Dalm* at

1370. *Irwin* contemplates an entirely different situation. The *Irwin* Court sought to soften the sometimes harsh effect of statutes of limitations when they operate to deny a litigant the opportunity to seek redress for an injury. In *Dalm,* the plaintiff had such an opportunity but failed to capitalize on it. Additionally, the *Dalm* Court emphasized that Congress already provides methods to mitigate the harsh rule of the statute of limitations in *certain limited* tax matters, i.e. those matters where the taxpayer is required to pay tax on inconsistently taxable items (e.g. "gift" and "income"). Congress has not expressed such an intent in the other areas of the tax code. *Johnsen v. United States,* 758 F.Supp. at 835–836 (The legislative history of the statute of limitations "is absolutely devoid of any indication that Congress intended to preclude such equitable tolling in tax refund actions." (citing to legislative history)). Thus, the holding in *Dalm* was limited to the area of inconsistently taxable items under §§ 1311–1314.

The dissenting opinion in *Dalm* further suggests that the rule from the majority opinion has limited application. Justice Stevens, writing for two other Justices, stated that "[t]his is not a decision that will be much celebrated or often cited." *Id.* at 1370 (Stevens, J. dissenting). He also noted that "[f]ew cases are affected, and not a single brief *amicus curiae* was filed." *Id.* He concluded that the case "has no apparent importance." *Id.* It can be inferred from the dissent's comments that the Court, and indeed other members of the legal community, did not contemplate or intend that this case have the far-reaching effect that the government claims it does.

Moreover, *Irwin* was decided by the same Court only nine months after *Dalm.* Had the Court viewed *Dalm* as a limit to *Irwin,* it likely would have so stated. Indeed, if *Dalm* stood for the proposition that equitable tolling does not apply to tax refund cases, as the government asserts, the *Irwin* Court would have cited *Dalm* as an example of how the federal courts apply equitable tolling "only sparingly." However, the *Irwin* Court does not even men-

tion *Dalm*. Because *Dalm* and *Irwin* dealt with different principles, *Dalm* with the narrow issue of equitable recoupment and *Irwin* with the broad principle of equitable tolling, this Court will not apply *Dalm* to the instant case.

The government also relies upon *Vintilla v. United States*, 931 F.2d 1444 (11th Cir.1991), a case decided after *Irwin* and *Dalm*. In *Vintilla*, the Eleventh Circuit Court of Appeals applied *Dalm* and only cursorily mentioned *Irwin* in a footnote. The Court stated that "general principles of equity may not override statutory requirements for timely filing of tax refund claims." *Vintilla* at 1446. The Court cited the language in *Dalm* that time-bar provisions are not to be construed unduly restrictively but courts must not extend the waiver beyond that which Congress intended. The Court then held that allowing equitable tolling would do little more than override the judgment of Congress in making exceptions to the tax code statute of limitations.

However, in *Dalm*, the Court stated that, "Congress has legislated a set of exceptions to limitations prescribed by §§ 7422 and 6511(a).... known as ... §§ 1311–1314." *Dalm* at 1369 (emphasis supplied). These exceptions apply in very limited circumstances and were not intended as the exclusive equitable exceptions for all types of claims. Indeed, the *Dalm* Court stated that §§ 1311–1314 are limited exceptions to the general statute of limitations, those exceptions being relevant only to inconsistently taxed items. *Dalm* at 1369 (§§ 1311–1314, "in specified circumstances, permit a taxpayer who has been required to pay inconsistent taxes to seek a refund of a tax the recovery of which is otherwise barred by §§ 7422(a) and 6511(a).") Thus, §§ 1311–1314 only apply to the narrow circumstances of permitting equitable recoupment for inconsistently taxed items and do not contemplate other situations where equity may require tolling of the general

statute of limitations period as described in §§ 7422 and 6511(a).

In a single footnote, the *Vintilla* Court saw fit to dispose of *Irwin* with little, if any, analysis. In footnote 1, the Court quoted the language of *Irwin* that equitable tolling is applicable to the government to the same extent as it applies to private parties. The Court went on to state that "[t]he *Irwin* Court made no attempt to reconcile this language with the seemingly contradictory language of *Dalm*." *Vintilla* at 1447, n. 1. The *Vintilla* Court likewise made no such attempt. The Court gave no basis whatsoever for following *Dalm* instead of *Irwin*. The Court did however, list the two equitable tolling categories discussed in *Irwin*[4] and went on to conclude, without further discussion, that the plaintiffs did not fit into these categories. *Id.*

In reaching its conclusion, the *Vintilla* Court characterized the equitable tolling categories in *Irwin* as the only two instances in which equitable tolling is warranted. The language of the *Irwin* decision does not support that characterization. The *Irwin* Court first noted that "[f]ederal courts typically have extended equitable relief only sparingly." *Irwin* at 457. The Court then listed instances where it, the Supreme Court, has so extended equitable relief— the two categories discussed in *Vintilla*. *Irwin* at 457–458. The *Irwin* Court's language indicates that the Court did not purport to list the only categories of equitable tolling available to litigants, but rather simply stated the two instances where the Court has had occasion to consider equitable tolling principles. *See, id.* 111 S.Ct. at 458, n. 2 and n. 3 (citing only Supreme Court opinions).

As discussed below, the Circuit and District Courts have extended equitable tolling to categories other than those in Supreme Court opinions, one such category being a plaintiff's mental incompetency. Presumably, the Supreme Court did not overrule all cases applying equitable tolling princi-

---

**4.** As discussed above, the two categories discussed by the *Irwin* Court are (1) where the claimant actively pursues his judicial remedies by filing a defective pleading during the statu-tory period and (2) where the claimant has been tricked or induced by his adversary's misconduct into allowing the filing deadline to pass. *Irwin* at 458.

ples inconsistent with the two categories the Court has previously considered. It makes better sense to read the Court's opinion in light of the lower federal court opinions on the subject. This reading would account for the Court's use of the language, "federal courts ... have extended." Surely "federal courts" include the lower federal courts as well as the Supreme Court. If the Court had intended to limit equitable tolling to the two narrow categories discussed in the *Irwin* opinion, the Court would have so stated. Instead, however, the Court used broad language in discussing the extent to which equitable tolling principles are applicable in suit against the United States. The Court held that "the *same* rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin*, 111 S.Ct. at 457. Since courts have applied equitable tolling principles other than the two categories discussed in *Irwin*, the *Irwin* categories must be read as non-exhaustive examples. Accordingly, the Court finds that the categories listed by · the Court in *Irwin* are not exclusive.

■ The Court finds *Irwin* controlling and holds that the principles of equitable tolling apply to tax refund claims to the same extent that those principles apply to private parties. In that regard, this Court's holding is consistent with the *Johnsen* case. The instant case is very similar to the *Johnsen* case given the fact that on a motion to dismiss, the Court must accept as true Plaintiff's assertion that he was mentally incompetent from 1984–1990. The *Dalm* case is distinguishable on its facts and on the law applied therein. Because the government moves to dismiss on jurisdictional grounds, claiming that the statute of limitations may not be tolled as a matter of law, the Court denies the government's motion.

### 2. *Mental Incompetency Tolls the Statute of Limitations.*

■ Neither of the parties have adequately briefed the issue of whether, as a matter of law, mental incompetency may

equitably toll the statute of limitations; however, there is some federal case law on point. The Ninth Circuit has recognized that a statute of limitations may be equitably tolled when "extraordinary circumstances beyond plaintiff['s] control made it impossible to file the claim[ ] on time." *Seattle Audubon Society v. Robertson*, 931 F.2d 590 (9th Cir.1991). The Ninth Circuit has not yet considered whether mental incompetency so tolls a statute of limitations. Other courts, however, have held that mental incompetency will equitably toll the statute of limitations. The *Johnsen* case, *supra*, held that mental incompetency tolls the statute of limitations for filing a tax refund claim. Additionally, a District Court in the Sixth Circuit has held that

> as a matter of federal law, in [a] ... suit between private parties, the period for filing a charge with the [EEOC] may be tolled, in the discretion of the Court, for that period of time during which the claimant was adjudicated mentally incompetent.

*Basset v. Sterling Drug, Inc.*, 578 F.Supp. 1244, 1248 (S.D.Ohio); *compare, Lopez v. Citibank, N.A.*, 808 F.2d 905 (1st Cir.1987) (mental incompetency for tolling purposes considered under a case-specific analysis rather than an absolute rule). Fundamental principles of equity mandate that when a person suffers from a disease rendering him mentally incompetent to assert his rights during the period he was incapacitated, time limitations should not operate to preclude him from seeking redress for his injuries.

In light of the *Johnsen* and *Basset* cases, the Court finds that mental incompetency may, in appropriate cases, toll the statute of limitations for filing a tax refund action.

### IV. CONCLUSION

The Court finds, under the authority of *Irwin*, that equitable tolling principles apply to tax refund claims. The Court also finds persuasive the *Johnsen* case, which held that mental incompetency will equitable toll the tax code statute of limitations for refund claims. The *Dalm* deci-

sion dealt with the narrow issue of equitable recoupment and therefore does not apply here. Accordingly, the United States' motion to dismiss is denied.

MOTION DENIED.