Marian BROCKAMP, Administrator and sole residuary beneficiary of the estate of Stanley B. McGill, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 93–4601–RSWL (Sx).

United States District Court, C.D. California.

July 26, 1994.

Robert F. Klueger, Boldra & Klueger, Woodland Hills, CA, for plaintiff.

Nora M. Manella, U.S. Atty., Mason C. Lewis, Chief, Tax Div., Sandra R. Brown, Asst. U.S. Attys., Los Angeles, CA, for defendant.

## ORDER

LEW, District Judge.

Plaintiff Marian Brockamp and Defendant United States of America each move for summary judgment regarding Plaintiff's action for recovery of a federal income tax refund. The central issue in this case is whether the doctrine of equitable tolling applies to tax refund cases. After reviewing the arguments presented by both parties, this Court holds that equitable tolling does not apply in Plaintiff's case. Accordingly, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

## I. BACKGROUND

Plaintiff, Marian Brockamp, is the administrator and sole beneficiary of the estate of her father, Stanley B. McGill. On or about April 15, 1984, Stanley McGill mailed to the Internal Revenue Service (IRS) a check for $7,000 accompanied by an application for automatic extension of time (Form 4868) to file his 1983 income tax return. At the time, Mr. McGill was 93 years old and, according to Plaintiff, "mentally deranged."[1] Mr. McGill did not indicate on the check or elsewhere the purpose of the $7,000 check. Despite Mr. McGill's request for an extension of time, he never filed an income tax return for the 1983 taxable year.[2] On July 15, 1986, more

---

1. In a letter to the IRS, Plaintiff also characterized Mr. McGill as "senile."

2. Because Mr. McGill did not file a return or another request for an extension of time, the IRS

than two years after receiving the $7,000 check, the IRS transferred the funds from Mr. McGill's account into an "Excess Collection Account."

Mr. McGill died intestate on November 7, 1988 at the age of 98. His daughter, Plaintiff Marian Brockamp, was appointed administrator of his estate on January 4, 1989. During the administration of the estate, Mrs. Brockamp discovered the $7,000 payment to the IRS and subsequently requested a refund. In a handwritten letter dated March 13, 1991, Mrs. Brockamp asked the IRS to refund the money because her father had been senile and had mistakenly sent a check for $7,000 instead of $700. On March 27, 1991, Mrs. Brockamp also filed a tax return for Mr. McGill's 1983 tax liability and the IRS assessed $427.00 in taxes. On August 8, 1991, the IRS rejected Mrs. Brockamp's request for a refund. The IRS stated that she was not entitled to a refund because the $7,000 payment was made more than three years prior to her claim.

On August 3, 1993, Mrs. Brockamp filed suit against the United States seeking return of the funds paid to the IRS by Mr. McGill. Plaintiff moves for summary judgment against the United States by arguing that the $7,000 check was a deposit as a matter of law and should be returned to Mr. McGill's estate. Defendant, however, argues that the check was not a deposit but a payment and the applicable statute of limitations had run when Mrs. Brockamp filed a claim for a refund. In addition, Defendant contends that because the statute of limitations for Plaintiff's claim has expired and the doctrine of equitable tolling does not apply in this type of case, the Court must grant its own motion for summary judgment.

## II. DISCUSSION

### A. SUMMARY JUDGMENT

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Where the moving party does not have the

burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. *Celotex v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The non-moving party, on the other hand, is required by FRCP 56(e) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. The non-moving party can meet this requirement by presenting affidavits, depositions, answers to interrogatories or admissions on file. *Id.* Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. *Exxon Corp. v. Fed. Trade Comm'n,* 663 F.2d 120, 127 (D.C.Cir. 1980). Furthermore, a non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the (opposing party) on the evidence presented." *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### B. JURISDICTION AND 26 U.S.C. § 6511

■ Federal district courts have jurisdiction over suits against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...." 28 U.S.C. § 1346(a)(1). A district court may not entertain a suit, however, unless "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a); *see also Miller v. United States,* 949 F.2d 708, 712 (4th Cir.1991) (stating that jurisdictional prerequisite is not waivable by the government). Most importantly, under 26 U.S.C. § 6511(a) a refund claim must be filed

> within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods ex-

---

sent him delinquency notices on December 15, 1984 and February 18, 1985. There is no indica-

tion in the record that Mr. McGill responded to these notices.

pires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a). Thus, Section 6511(a) distinguishes between taxpayers who file returns and those who do not. *See Oropallo v. United States,* 994 F.2d 25, 26 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994). Taxpayers who file returns have three years from the time they filed their return or two years from the time they paid their taxes to claim a refund. Taxpayers who have not filed returns, on the other hand, must file a claim for refund within two years of the alleged overpayment. *See* 26 U.S.C. § 6511(a); *Oropallo,* 994 F.2d at 26. A refund cause of action must be timely filed under one of the limitations periods in Section 6511(a) for the district court to obtain jurisdiction over the suit. *See United States v. Dalm,* 494 U.S. 596, 607, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548.

■ In addition to the time limitations of Section 6511(a), Section 6511(b) limits the amount of a refund recoverable by a claimant. Specifically, if a person files a timely claim within the three-year period mentioned in Section 6511(a), the amount of a refund is limited to

> the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A). If, however, a claim was not timely filed within the three-year period mentioned in Section 6511(a), the amount of

> refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

26 U.S.C. § 6511(b)(2)(B). Thus, if a claim was filed within three years of filing a return, Section 6511(b) explicitly forecloses any refund of taxes not paid within the three-year period preceding the date the claim for refund was filed. Section 6511(b) establishes an additional limitations period separate from the three-year time limitation period in Section 6511(a). *See Oropallo,* 994 F.2d at 27; *see also Mills v. United States,* 805 F.Supp. 448, 450 (E.D.Tex.1992). In addition, if a return was not filed within the

three-year period described in Section 6511(a), Section 6511(b) specifically precludes the refund of payments made before the two years preceding the date of the claim for refund. If, however, the remittance is not considered a "payment," the restrictions mandated under Sections 6511(a) and 6511(b)(2) do not apply.

## C. WHETHER MR. MCGILL'S CHECK WAS A PAYMENT OR DEPOSIT

■ Plaintiff contends that the $7,000 check sent to the IRS is a "deposit" and is therefore not subject to the limitations period codified in Section 6511(a). Primarily, Plaintiff argues that because the IRS never made an assessment of the taxes owed by Mr. McGill, the $7,000 check was treated as a deposit and is not subject to Section 6511(a). Plaintiff's argument, however, is unavailing. Although the mere transfer of money by a taxpayer is insufficient to classify the remittance as a payment, *see United States v. Dubuque Packing Co.,* 233 F.2d 453, 459 (8th Cir.1956) ("not every transfer of money by a taxpayer to a Federal tax authority will constitute a 'payment'.... Some further act is necessary"), Mr. McGill's check was accompanied by an application for extension of time to file his 1983 tax return. Absent a designation by the taxpayer, a remittance with an application for extension of time to file a return is deemed a payment. *See* 26 U.S.C. § 6151(a) ("Except as otherwise provided ... when a return of tax is required ..." the taxpayer shall "pay such tax ... at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return)."); *Ehle v. United States,* 720 F.2d 1096, 1097 (9th Cir.1983); *Rose v. United States,* 256 F.2d 223, 226 (3d Cir.1958). In *England v. United States,* 760 F.Supp. 186 (D.Kan.1991), the court held that as a matter of law, remittances accompanied with an IRS Form 4868 application for extension are payments of estimated tax which are subject to the statute of limitations under Section 6511(a). *But see Risman v. Comm'r of Internal Revenue,* 100 T.C. 191, 199, 1993 WL 72856 (U.S.T.C.1993) (criticizing holding in *England* that filing of Form 4868 with

remittance is automatically deemed an estimated payment). Similarly, in the present case Mr. McGill mailed a check for $7,000 accompanied with an application for a filing extension. There is no evidence that the check was intended as a deposit. Under the applicable IRS regulations, Mr. McGill was required to submit an estimated tax payment in order to avoid subsequent penalties. Thus, as the court in *England* held, the remittance of a check along with a request for an extension of time is deemed a payment as a matter of law.

## D. WHETHER THE DOCTRINE OF EQUITABLE TOLLING APPLIES TO PLAINTIFF'S CASE

As stated previously, a taxpayer must file a claim for refund with the IRS within three years of the date the return is filed or within two years of the date the tax is paid, whichever is later. 26 U.S.C. § 6511(a). In the present case, Mr. McGill sent the $7,000 check on or about April 15, 1984. Plaintiff then filed a refund claim nearly seven years later on March 13, 1991. Thus, Plaintiff's claim for refund was untimely because it was filed more than two years after the alleged overpayment was made by Mr. McGill.[3]

■ Although her claim was untimely, Plaintiff argues that the statute of limitations imposed by Section 6511(a) was equitably tolled because of Mr. McGill's mental incapacity. Defendant, however, contends that the prevailing case authority holds that equitable tolling is not applicable to tax refund cases and therefore Plaintiff's claim is barred by the statute of limitations. Accordingly, Defendant contends that this Court is without subject matter jurisdiction over Plaintiff's claim for a refund.

In support of the position that equitable tolling is applicable to her case, Plaintiff primarily relies on the Supreme Court's decision in *Irwin v. Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). In *Irwin,* the Supreme Court recognized that the courts have traditionally declined to apply equitable principles in cases against the government because waivers of sovereign immunity are to be strictly construed.[4] *Irwin,* 498 U.S. at 96–99, 111 S.Ct. at 458–59; *see Oropallo,* 994 F.2d at 28; *see, e.g., Ellis v. United States,* 229 Ct.Cl. 814 (1982); *Stepka v. United States,* 196 F.Supp. 184, 185 (E.D.N.Y.1961). The Court in *Irwin,* however, changed its approach to the issue of equitable tolling against the government and held that

> the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.

*Irwin,* 498 U.S. at 95–96, 111 S.Ct. at 457. Consequently, the Court in *Irwin* adopted "a more general rule to govern the applicability of equitable tolling in suits against the Government." *Id.*

By relying on *Irwin,* several lower courts have extended the doctrine of equitable tolling to tax refund cases. For example, in *Scott v. United States,* 795 F.Supp. 1028 (D.Haw.1992), the plaintiff filed a tax refund suit after the IRS denied his request for a refund. The IRS asserted that the claim was untimely under 26 U.S.C. § 6511. *Id.* at 1030. The plaintiff conceded that the refund claim was untimely but argued that his mental incompetency equitably tolled the statute of limitations. *Id.* The government moved to dismiss the plaintiff's cause of action by arguing that the court lacked subject matter jurisdiction over the case. *Id.* The district court, however, denied the government's mo-

---

3. At the time Plaintiff had filed the claim for refund, the IRS had not received a return for Mr. McGill's 1983 taxable year. Plaintiff submitted a return several days after making a claim for refund on March 27, 1991. Thus, the applicable time period under Section 6511(a) is the two year limitation for taxpayers who have not filed a tax return. Nevertheless, if the court were to find the late filing of Mr. McGill's tax return as the operative date Section 6511(b) would still preclude any recovery by Plaintiff.

4. The Supreme Court granted certiorari "to determine when the 30-day period under [42 U.S.C. § 2000e–16(c)] begins to run and to resolve the Circuit conflict over whether late-filed claims [under § 2000e–16(c)] are jurisdictionally barred." *Irwin,* 498 U.S. at 92, 111 S.Ct. at 455. Thus, unlike the present case, the case in *Irwin* involved a Title VII discrimination suit.

tion and found that "[t]he *Irwin* Court recognized that the statute of limitations may be equitably tolled even where the statute of limitations is a prerequisite to federal court jurisdiction...." *Id.* at 1031. Noting that *Irwin* involved an untimely Title VII claim, the court in *Scott* nevertheless held that "the reasoning in [Irwin] applies with equal force to untimely tax claims." *Id.* at 1031.

In addition to the district court's decision in *Scott*, several other lower courts have extended the doctrine of equitable tolling to tax cases. *See, e.g., First Alabama Bank v. United States*, 981 F.2d 1226, 1228 (11th Cir.1993) (assuming under *Irwin* that "the statute of limitations governing tax refund suits ... may under some circumstances be equitably tolled"); *Wiltgen v. United States*, 813 F.Supp. 1387 (N.D.Iowa 1992) (relying on *Irwin* in applying equitable tolling to tax refund claim); *Johnsen v. United States*, 758 F.Supp. 834, 835 (E.D.N.Y.1991) (same). Plaintiff relies on the Supreme Court's statement in *Irwin* and the post-*Irwin* cases extending the equitable tolling doctrine to tax cases in opposition to Defendant's motion for summary judgment. Despite these cases, however, the more recent weight of authority rejects the application of equitable tolling in tax refund cases.

### E. *Oropallo v. United States*

In *Oropallo v. United States*, 994 F.2d 25 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994), the First Circuit conducted a thorough analysis of whether equitable tolling applies to tax refund claims in light of *Irwin* and the Supreme Court's more recent decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Recognizing that *Irwin* extended equitable principles to cases against the government, the First Circuit concluded that the Supreme Court's decision in *Lampf*, rejecting equitable tolling for suits under the securities laws, altered the Court's analysis. *Oropallo*, 994 F.2d at 30–31. The Court in *Oropallo* found that the limitations imposed by Sections 6511(a) and (b) are fundamentally inconsistent with the doctrine of equitable tolling. *Id.* Consequently, *Oro-*

*pallo* held that Section 6511(a), which limits refunds recoverable to the amount of tax paid in the three-year period immediately preceding the filing of a claim, may not be equitably tolled. *Id.* at 28.

In *Oropallo*, a taxpayer discovered he had overpaid his taxes by $698.00 and sought a refund nearly 8 years later, which the IRS rejected as untimely. *Id.* at 25. The taxpayer filed suit against the government, arguing that the limitations period of Section 6511 should be equitably tolled due to his incarceration and alleged carbon monoxide poisoning, which rendered him incapacitated for several years subsequent to the tax overpayment. *Id.* The Court of Appeals, however, rejected his claim, stating that "the three-year period in section 6511(a) gives the taxpayer ample time to file a refund claim, and there is no need to toll that period." *Id.* at 30. The court further found that, except in clearly unique situations which did not apply here, the limitations period in Section 6511 have not been equitably tolled. *Id.* at 28. The time limitation of Section 6511 is

> 'inflexible' and so not tolled by the taxpayer's mental incompetency; there are only 'rare exceptions' to the 'rigid prevailing rule[ ] that such statutes of limitations cannot be extended in any circumstances,' e.g., the prisoner of war or fraud situation.

*Id.* (quoting *Stepka v. United States*, 196 F.Supp. 184, 185 (E.D.N.Y.1961) (finding that no exception to the time limit should be made because of mental incompetency)).

*Oropallo* is similar to the present case. Here, Plaintiff discovered the tax over-payment and sought a refund seven years later. Like the plaintiff in *Oropallo*, Plaintiff here argues equitable tolling should apply given her father's incapacitation. Plaintiff's argument that her father was "mentally deranged" and senile, however, fails to meet the "clearly unique" exception which may allow equitable tolling to apply. *Oropallo*, 994 F.2d at 28.

### F. *Dalm v. United States*

■ In *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), the Supreme Court considered the issue of whether the doctrine of equitable tolling provided a jurisdictional basis for independent suits to recover a gift tax refund, after the

time for filing had expired. Holding that the district court lacked jurisdiction over the refund suit, the court stated:

> [U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected' ... may not be maintained in any court.

*Id.* at 602, 110 S.Ct. at 1365 (citing *United States v. Kales,* 314 U.S. 186, 193, 62 S.Ct. 214, 217, 86 L.Ed. 132 (1941)). The fact that a taxpayer does not learn until after the limitations period has run that the tax was paid in error, and that he or she has ground upon which to claim a refund, does not operate to lift the limitations bar. *Dalm,* 494 U.S. at 607–11, 110 S.Ct. at 1367–69. The court stated: "were we to allow her to maintain a suit for refund on the basis of equitable recoupment, we would be doing little more than overriding Congress' judgment as to when equity requires that there be an exception to the limitations bar." *Id.* at 610, 110 S.Ct. at 1369.

The present case is also similar to *Dalm,* where a taxpayer sought a gift tax refund seven years later, even though she was required to file her claim within three years of when the original return was filed. In rejecting her claim, the Supreme Court found that the doctrine of equitable recoupment will not provide jurisdictional basis for independent suits against the Government, after the time for filing a refund claim has expired. *Id.* at 604–07, 110 S.Ct. at 1365–67. Applying the Court's analysis in *Oropallo* and *Dalm* to the present case, this Court holds that the doctrine of equitable tolling is inapplicable and summary judgment in favor of Defendant is appropriate. Accordingly, the Court hereby GRANTS Defendant's motion for summary judgment and DENIES Plaintiff's motion for summary judgment.

The Court hereby incorporates Defendant's Statement of Uncontroverted Facts and Conclusions of Law.

**IT IS SO ORDERED.**