**BUTTS FEED LOTS, INC., a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 82–1575.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1982.

Decided Oct. 15, 1982.

Rodney S. Webb, U. S. Atty., Gary Annear, First Asst. U. S. Atty., Fargo, N. D., for appellee.

John Hjellum, Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, N. D., for appellant.

Before ROSS, McMILLIAN and AR-NOLD, Circuit Judges.

PER CURIAM.

Butts Feed Lots, Inc. appeals from an order of the trial court[1] dismissing its complaint. The appellant filed this action under the provisions of the Federal Tort Claims Act § 2674, 28 U.S.C. § 2671 (1976). We affirm the trial court's order that jurisdiction was not established under 28 U.S.C. § 1346 (1976).

The appellant is a North Dakota corporation engaged in the commercial feeding business. In 1976 a severe drought had an adverse impact on agricultural businesses within the state. North D̶ clared eligible for economic

---

**1.** The Honorable Paul Benson, Chief Judge, U. S. District Court for the District of North Dakota.

loan assistance, a program administered by the Small Business Administration (SBA).

On February 2, 1978, the appellant filed a loan application with the district office of the SBA. This application was denied and the decision was appealed within the administration. The regional office, and in turn the national office, affirmed the denial of the loan. This action was then filed, the appellant alleging the SBA was negligent in its review of the loan application.

The appellant must establish jurisdiction under the following statute:

[T]he district court * * * shall have exclusive jurisdiction of civil actions on claims against the United States * * * if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (1976).

This statute is clear. If North Dakota law would provide a remedy for the appellant as against a private person in similar circumstances, then this initial jurisdictional question could be met. *See Davis v. United States,* 536 F.2d 758 (8th Cir. 1976); *Griffin v. United States,* 644 F.2d 846 (10th Cir. 1981).

 We note at the outset that the burden of establishing jurisdiction lies with the appellant. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1935). The appellant has not directed this court's attention to any case law which would establish a tort duty on the part of a private party in like circumstances. The only authority which is argued to establish such a duty is the following statute:

Damages for any injury—Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages.

N.D.Cent.Code § 32–03–01 (1978).

Counsel misapprehends the nature of this statute. It does not create any duties but only provides for a remedy should an established duty be breached.

In absence of any declaration by the legislature or Supreme Court of North Dakota this court must conclude no such duty exists. The appellant has failed to establish jurisdiction, and we therefore do not reach the discretionary function exception defense raised by the United States. The judgment of the district court is affirmed.