**Phyllis SCHMIDT and Earl Schmidt, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 89–1328.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1990.

Decided April 25, 1990.

Rehearing and Rehearing En Banc Denied June 8, 1990.

John P. Madigan, Jr., St. Louis, Mo., for appellants.

James C. Wilson, Washington, D.C., for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HUNTER,* District Judge.

HEANEY, Senior Circuit Judge.

Phyllis and Earl Schmidt appeal from the order of the district court dismissing their complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1982) (FTCA), for lack of subject matter jurisdiction. We affirm.

## BACKGROUND

On December 20, 1983, air traffic controllers cleared an Ozark Airline plane to land in Sioux Falls, South Dakota. Phyllis Schmidt, a flight attendant on the plane, was injured when the plane struck a snow removal vehicle after landing on the runway. The Schmidts filed an administrative claim for damages with the Federal Aviation Administration (FAA) on November 1, 1985, alleging that the air traffic controllers were negligent in failing to instruct

---

* The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri, sitting by designation.

the driver of the snowblower to leave the runway before they cleared the plane to land there.

The FAA issued a final denial of the Schmidts' claim in a letter dated November 19, 1986. The Schmidts' attorney received the letter on November 24, 1986. The Schmidts filed their FTCA complaint in the district court on May 21, 1987.

The United States moved to dismiss the complaint for lack of subject matter jurisdiction, alleging that because the FAA had mailed its final denial on November 20, 1986, the Schmidts failed to commence their action within six months of the mailing of the FAA's final denial as required by 28 U.S.C. § 2401(b).[1] Both parties filed written evidence on the jurisdictional question.

The Schmidts opposed the motion to dismiss by alleging that the denial letter was not mailed until November 21, 1986 and the six-month limitation period therefore did not expire until May 21, 1987. Neither the government nor the Schmidts could prove precisely when the denial letter was mailed, because the FAA gives its outgoing mail to a private mail contractor, DDD Co., from whom the United States Postal Service collects it. A DDD employee logs and assigns a number to any certified mail from the FAA in a logbook provided by the Postal Service, then places the mail in a tray for collection by the Postal Service. The Postal Service collects such mail twice daily, but provides no receipt for certified mail. Thus, although DDD has a record of receiving the Schmidts' denial letter from the FAA on November 20, 1986, no record shows that the Postal Service actually collected the letter that day.

Barbara Hemby, the DDD assistant supervisor who logged the Schmidts' denial letter on November 20, stated in an affidavit that the Postal Service should have picked up the letter in its second collection that day, around 5:00 p.m., but noted that

she left work at 4:00 p.m. Hemby stated that the Postal Service had never failed to make the 5:00 p.m. pickup.

Steve Croston, the Postal Service's supervisor of government mail for Washington, D.C., stated that if the postal employee responsible for making the 5:00 p.m. pickup from DDD had failed to do so, he would have filed an irregularity report explaining the reason for the failure. No such report was filed. Croston also stated that if a scheduled pickup is not made, postal employees can make arrangements to enter government buildings after hours to collect mail, and that no mail ready for collection would have been left uncollected overnight.

A.T. Wolder, Director of Marketing and Communications for the Postal Service in St. Louis stated that first class mail sent from Washington, D.C. to St. Louis would arrive in three days. Consequently, the Schmidts' attorney would have received the denial letter on Monday, November 24 whether it was mailed on Thursday, November 20 or Friday, November 21.

The district court granted the government's motion to dismiss for lack of subject matter jurisdiction, but did not decide whether the denial letter was mailed on November 20 or November 21. The court concluded that the Schmidts bore the burden of establishing jurisdictional facts and that they had failed to do so. The court also noted that because the Schmidts knew the letter was dated November 19, 1986, they should not have waited until May 21, 1987 to file their complaint.

## DISCUSSION

On appeal, the Schmidts argue that the district court erred in dismissing their complaint because the date on which the denial letter was mailed constitutes a disputed issue of material fact. They also argue that the FAA failed to send the denial letter by certified or registered mail, as the statute requires, and that the denial letter

---

1. Section 2401(b) states:
   A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
   28 U.S.C. § 2401(b) (1982).

therefore did not start the six-month limitation to run. Neither of these contentions has merit.

 Institution of an action against the United States within the six-month limitations period is a jurisdictional requirement. *See* 28 U.S.C. § 2401(b); *Powers v. United States*, 390 F.2d 602, 604 (9th Cir. 1968). The district court correctly noted that the Schmidts bore the burden of establishing subject matter jurisdiction once the Government challenged it. *See Butts Feed Lots, Inc. v. United States*, 690 F.2d 669, 670 (8th Cir.1982) (burden of establishing jurisdiction lies with plaintiff). The existence of subject matter jurisdiction is a question of law that the court of appeals reviews de novo. *Foxgord v. Hischemoeller*, 820 F.2d 1030, 1032 (9th Cir.1987); *Hilliard v. United States Postal Serv.*, 814 F.2d 325, 326 (6th Cir.1987).

 Our review of the evidence suggests that the Postal Service most likely did receive the denial letter on November 20, 1986, as the Government contends. In any case, the evidence fails to establish the Schmidts' contention that the denial letter was not mailed until November 21, 1990. Consequently, the Schmidts have failed to carry their burden of establishing the facts to support subject matter jurisdiction.

 The Schmidts alternatively claim that because the FAA or its agent, DDD, failed to get a sender's receipt from the Postal Service, it did not comply with the statute's requirement that the denial letter be sent by certified mail. The Schmidts support this argument with citations to several standard dictionaries defining "certified mail" as mail for which the sender gets a receipt. Postal regulations also define "certified mail service" as providing a receipt to the sender. 39 C.F.R. ch. III, pt. 3001, subpt. C, app. A, § 5.01 (1989). The regulations do not require, however, that the sender's receipt indicate the time of mailing. *See id.* The Postal Service will indicate the time of mailing on the sender's receipt only if the sender requests it. *Id.*

§ 5.021. For customers who send large quantities of certified mail, the Postal Service provides logbooks, such as that used by DDD, in which the sender indicates the number and date of each article sent by certified mail. In such a case, the pages of the book become the sender's receipts. *Domestic Mail Manual* § 912.4.45, at 486 (Dec. 20, 1987).[2] Consequently, DDD's certified mail procedure satisfied the statutory requirement of 28 U.S.C. § 2401(b) and commenced the running of the six-month limitation period. Because the Schmidts did not file their FTCA claim until May 21, 1987, the claim was untimely and the district court had no jurisdiction to hear it.

### CONCLUSION

We affirm the order of the district court dismissing the Schmidts' FTCA complaint for lack of subject matter jurisdiction.

---

2. The United States Postal Service has incorporated the *Domestic Mail Manual* by reference into its regulations. *See* 39 C.F.R. § 111.1 (1989).