Phyllis SCHMIDT and Earl
Schmidt, Appellants,

v.

UNITED STATES of America, Appellee.

No. 89–1328.

United States Court of Appeals,
Eighth Circuit.

Submitted March 26, 1991.

Decided May 15, 1991.

John P. Madigan, Jr., St. Louis, Mo., for appellants.

James C. Wilson, Washington, D.C., for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HUNTER,* District Judge.

HEANEY, Senior Circuit Judge.

On plaintiffs' petition for writ of certiorari, the United States Supreme Court vacated this panel's opinion in *Schmidt v. United States*, 901 F.2d 680 (8th Cir.1990). The Supreme Court remanded this case for further consideration in light of *Irwin v. Veterans Administration*, 498 U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). *Schmidt v. United States*, —— U.S. ——, 111 S.Ct. 944, 112 L.Ed.2d 1033. We now reverse the order of the district court dismissing the Schmidts' complaint for lack of subject matter jurisdiction and remand this case for trial on the merits of the Schmidts' Federal Tort Claims Act claim.

The facts and procedural history of this case are fully set forth in our prior opinion. The issue before the district court was whether the Schmidts commenced their ac-

* The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri, sitting by designation.

tion within the statutory limitations period of the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2401(b) (1988). The government raised this issue in a motion under Fed.R.Civ.P. 12(b)(1), challenging the district court's subject matter jurisdiction over the Schmidts' claim. The issue turned on the date of mailing by the Federal Aviation Administration (FAA) of notice to the Schmidts of the final denial of their administrative claim, an event which commenced the running of the FTCA's statute of limitations.

The district court found that neither the Schmidts nor the government could establish the date on which the denial notice was mailed. The court noted that compliance with the statute of limitations was a jurisdictional prerequisite, and that the Schmidts bore the burden of establishing jurisdictional facts once the government challenged the court's subject matter jurisdiction. Because the Schmidts failed to establish the date on which the denial notice was mailed, the district court dismissed their complaint. This court affirmed.

■ Following our decision affirming the district court, the Supreme Court decided *Irwin v. Veterans Administration*, 498 U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). *Irwin* held that statutes of limitations in suits against the government are subject to equitable tolling. 498 U.S. at ——, 111 S.Ct. at 457, 112 L.Ed.2d at 444. Necessary to this expressed holding is an implied holding that strict compliance with the statute of limitations is not a jurisdictional prerequisite to suing the government. If the statute of limitations were jurisdictional, the court would have no power to consider tolling it. Prior to *Irwin*, the circuits divided over the question whether statutes of limitations on suits against the government were absolute jurisdictional limits. *Compare, e.g., Powers v. United States*, 390 F.2d 602, 604 (9th Cir.1968) *with Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir.1982). The Supreme Court in *Irwin* stated that it "granted certiorari ... to resolve the Circuit conflict over whether late-filed claims are jurisdictionally barred." 498 U.S. at ——, 111 S.Ct. at 455, 112 L.Ed.2d at 441.

This court's holding in *Schmidt* was premised on the assumed jurisdictional nature of the FTCA's statute of limitations. 901 F.2d at 683. We held that the district court had properly required the Schmidts to establish subject matter jurisdiction, and that their failure to do so required a dismissal under Fed.R.Civ.P. 12(b)(1). *Id.*

■ The effect of *Irwin*'s implicit holding is to remove the burden of proving the date of mailing from the Schmidts. Because the FTCA's statute of limitations is not jurisdictional, failure to comply with it is merely an affirmative defense which the defendant has the burden of establishing. *See* Fed.R.Civ.P. 8(c). The district court found that neither the government nor the Schmidts had established the date of mailing of the denial notice. The government therefore would not have met its burden had the burden been placed on it in the district court. Had the district court considered the question on the government's motion for summary judgment rather than on a 12(b)(1) motion, the government would have had the burden on the statute of limitations defense, and the facts would have been viewed in the light most favorable to the Schmidts. The date of mailing of the FAA's administrative denial notice remains a disputed issue of material fact, making this case appropriate for trial. Under *Irwin*, the Schmidts' complaint was improperly dismissed.

Accordingly, we reverse the judgment of the district court dismissing the Schmidts' complaint for lack of subject matter jurisdiction and remand this case for trial.