# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2353

_____

Rosalyn Motley, et al.,                    *
                                           *
    Plaintiffs - Appellants,           *
                                           *    Appeal from the United States
v.                                         *    District Court for the
                                           *    Eastern District of Missouri.
United States of America,                  *
                                           *
    Defendant - Appellee.              *

_____

Submitted: January 14, 2002

Filed: July 5, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

    Rosalyn Motley gave birth to a stillborn baby girl on February 7, 1996. On May 14, 1998, Motley and the baby's father filed a wrongful death action in the City of St. Louis Circuit Court against People's Health Center, Inc. (PHC), alleging that PHC's substandard prenatal care caused the baby's intrauterine fetal demise. The United States certified the claim under the Federal Tort Claims Act (FTCA), removed the case to the Eastern District of Missouri, and the district court dismissed the action for failure to exhaust administrative remedies, as the FTCA requires. See 28 U.S.C. § 2675(a). Plaintiffs filed an administrative claim with the Department of Health and Human Services, which was deemed denied for lack of agency action on June 16,

1999. Plaintiffs then filed this FTCA wrongful death action. The district court[1] dismissed the suit as time-barred because plaintiffs failed to file their administrative claim within the required two years. See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

Plaintiffs appeal, raising two distinct statute of limitations issues. First, they argue the district court erred in concluding their FTCA cause of action accrued on February 7, 1996, the date the baby's death was discovered, because they did not then know that PHC's prenatal care had caused the intrauterine demise. If plaintiffs are correct in this regard, their cause of action did not accrue until less than two years before May 14, 1998, when they filed their wrongful death action in state court, and their subsequent FTCA action is timely by reason of the *Westfall* amendment to the FTCA. See Pub. L. No. 100-694, 102 Stat. 4563 (1988), codified at 28 U.S.C. § 2679(d)(5). Alternatively, plaintiffs argue that the two-year FTCA statute of limitations should be equitably tolled because their state court action was timely filed under the applicable Missouri statute of limitations, and they were unaware that PHC and its medical staff are federal employees for FTCA purposes.

Following the Supreme Court's decision in Irwin v. Department of Veteran's Affairs, 498 U.S. 89 (1990), which applied equitable tolling to suits against the government, we held that, "[b]ecause the FTCA's statute of limitations is not jurisdictional, failure to comply with it is merely an affirmative defense which the defendant has the burden of establishing." Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991). This holding overruled prior Eighth Circuit decisions, which had treated compliance with the statute of limitations as a jurisdictional prerequisite to

---

[1]The Honorable LEWIS M. BLANTON, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was assigned with the consent of the parties. See 28 U.S.C. § 636(c).

suing the government under the FTCA. Most of our later cases followed <u>Schmidt</u> in holding that the statute of limitations is an affirmative defense to be pleaded and proved by the government. <u>See, e.g.</u>, <u>Krueger v. Saiki</u>, 19 F.3d 1285, 1286 (8th Cir.), <u>cert. denied</u>, 513 U.S. 904 (1994); <u>Slaaten v. United States</u>, 990 F.2d 1038, 1043 n.5 (8th Cir. 1993); <u>Arrigo v. United States</u>, 980 F.2d 1159, 1161 (8th Cir. 1992). But two recent decisions stated that compliance with the statute of limitations is a jurisdictional prerequisite, relying on our pre-<u>Schmidt</u> case law. <u>See</u> <u>McCoy v. United States</u>, 264 F.3d 792, 794 (8th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1909 (2002), citing <u>Walker v. United States</u>, 176 F.3d 437, 438 (8th Cir. 1999). We need not resolve the split in circuit authority to decide this case. Applying the rule in <u>Schmidt</u> because it is more favorable to plaintiffs, we affirm.

## I. Accrual of the FTCA Cause of Action.

When a claim accrues under the FTCA is a question of federal law. <u>See</u> <u>Brazzell v. United States</u>, 788 F.2d 1353, 1355 (8th Cir. 1986). The general rule is that an FTCA claim accrues at the time of injury. But in medical malpractice cases, the claim accrues when the "plaintiff actually knew, or in the exercise of reasonable diligence should have known, the cause and existence of his injury." <u>Wehrman v. United States</u>, 830 F.2d 1480, 1483 (8th Cir. 1987) (quotation omitted). Knowing the cause and existence of an injury is not the same as knowing that a legal right has been violated. Once a plaintiff knows or should know that he has been injured and who has inflicted the injury, "[t]here are others who can tell him if he has been wronged, and he need only ask." <u>United States v. Kubrick</u>, 444 U.S. 111, 122 (1979).

In this case, plaintiffs obviously knew the fact of an injury -- the baby's death -- no later than February 7, 1996, the date of the stillborn delivery. The issue is when they knew or reasonably should have known that PHC's prenatal care caused that injury. Motley began her prenatal care at PHC on July 31, 1995 and made her last prenatal visit to PHC on January 31, 1996. On February 7, Motley was admitted to

Deaconess Hospital for labor and delivery; the hospital's records report an approximate gestational age of 42 4/7 weeks. When told of the baby's death, Motley, her family, and the baby's father expressed "numerous concerns over why [Motley] was not delivered sooner." Motley testified at her deposition that she believed on February 7 "that the medical personnel at People's Health Clinic could have done something different that would have prevented this tragedy." The baby's father contacted an attorney a week or two after February 7, but he was instructed at his deposition not to answer a question concerning the purpose for that contact. The medical staff at Deaconess offered no explanation for the cause of the baby's intrauterine demise. Plaintiffs offered no evidence that they undertook any prompt investigation into the cause.

Once aware of the injury, plaintiffs had a duty to exercise due diligence in investigating its cause. See Osborn v. United States, 918 F.2d 724, 732 (8th Cir. 1990) ("plaintiff has a duty to inquire into the unknown cause of a known injury") (quotation omitted); Brazzell, 788 F.2d at 1356 (plaintiff "ought to be charged with . . . knowledge [of the cause] as soon as she could have discovered . . . the cause by asking a doctor"). Deaconess Hospital could not have caused the injury because the baby died before Motley was admitted. PHC was the sole prenatal care provider. While plaintiffs did not *know* that substandard prenatal care caused the baby's death, as opposed to an unknown and unsuspected natural cause, they in fact suspected substandard care, and they had only to ask an independent doctor to review PHC's records to confirm that suspicion, as was finally done in 1998. This is not a case where Deaconess staff attributed the baby's death to natural causes, as in Thompson v. United States, 642 F. Supp. 762, 763 (N.D. Ill. 1986). This is not a case where a doctor advised plaintiffs that PHC's prenatal care was *not* the cause of the injury, as in Brazzell, 788 F.2d at 1356. Nor is this a case where plaintiffs inquired and doctors repeatedly advised they could find no cause for the injury, as in Donovan, 918 F.2d at 732. Rather, this is a case like Kubrick, where the plaintiff, "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and

-4-

legal community," 444 U.S. at 123. In these circumstances, we agree with the district court that plaintiffs' malpractice claim against PHC accrued on February 7, 1996.

## II. Equitable Tolling.

The FTCA provides the exclusive statutory remedy for plaintiffs' medical malpractice claim against PHC and its medical staff because this otherwise private medical center is deemed a federal employee for FTCA purposes.[2] Plaintiffs argue that the FTCA's two-year statute of limitations should be equitably tolled because (1) they did not know and could not reasonably have known that PHC was a federal employee for FTCA purposes, as neither PHC nor the government made that coverage known, and (2) they sued PHC within the three-year limitations period applicable to wrongful death claims against non-governmental defendants in Missouri.

We apply the doctrine of equitable tolling to FTCA claims against the government. See Nicolai v. U.S. Bureau of Prisons, Dir., 4 F.3d 691, 693 (8th Cir. 1993). Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling "is an exception to the rule, and should therefore be used only in exceptional circumstances." Dring v. McDonnell Douglas

---

[2]The Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, made federally funded community health centers such as PHC eligible for FTCA coverage for their medical and related functions. See 42 U.S.C. § 233(g). PHC applied for and received FTCA coverage from December 1, 1993, through January 1, 1996. In December 1995, Congress extended coverage of federally funded health centers indefinitely. See Pub. L. No. 104-73. PHC then received a second letter extending its coverage effective June 23, 1996. Plaintiffs argue that PHC was therefore not covered between January 1 and June 23, 1996, when some of the alleged malpractice occurred. This argument is without merit. Section 5(c) of Pub. L. No. 104-73 provided a 180-day grace period after December 26, 1995, for previously covered health centers such as PHC. The effective date of PHC's second deeming letter was within this grace period, so PHC's coverage never lapsed.

Corp., 58 F.3d 1323, 1330 (8th Cir. 1995); see Irwin, 498 U.S. at 96. "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." Wollman v. Gross, 637 F.2d 544, 549 (8th Cir. 1980), cert. denied, 454 U.S. 893 (1981).

In this case, plaintiffs argue that Motley was "lulled into a false sense of security" because PHC is a private not-for-profit corporation registered with the State of Missouri, and she was never informed of its FTCA coverage. But plaintiffs were not affirmatively misled by PHC or the government -- they simply made no inquiry into PHC's status while Motley was receiving prenatal care, or during the two-year period after February 7, 1996, when an administrative FTCA claim could have been timely filed. "[T]he statute of limitations under the FTCA does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." Garza v. United States Bureau of Prisons, 284 F.3d 930, 935 (8th Cir. 2002) (quotation omitted). To toll the statute because of a plaintiff's ignorance of the defendant's federal employee status, plaintiff "must at the very least show that the information *could not* have been found by a timely diligent inquiry . . . ." Gonzalez v. United States, 284 F.3d 281, 291 (1st Cir. 2002) (emphasis in original, quotation omitted). Here, plaintiffs had ample time after learning of the baby's death to find the Federally Supported Health Centers Assistance Act of 1992 and to inquire into its possible application to their claim. Their failure to do so was a mistake of law that does not entitle them to equitable tolling. See Kubrick, 444 U.S. at 123-24; Wollman, 637 F.2d at 549.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-